IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN I. MURAL, Individual | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05 C 5654 |
| | ) |
| HSBC BANK, NEVADA, N.A., et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff moves to proceed *in forma pauperis* and for appointment of counsel. Those motions are denied.

Plaintiff does not disclose her income from Office Depot, so we have no way of knowing whether she can afford the relatively modest filing fee and related expenses. Moreover, her complaint discloses no basis for federal jurisdiction. She claims both diversity and federal question jurisdiction. She alleges she had a credit card issued by Household Bank with a $1,500 credit limit and that she (apparently) got behind when she lost her employment. From her exhibits, it appears she received two collection letters from a debt collector, seeking payment of approximately $2,000. She claims that somehow defendants are improperly forcing her to arbitrate, but the basis for that claim nowhere appears in the complaint or the exhibits. The State of Illinois is named as a party, but no basis for such a claim is apparent. Besides, Illinois is immune pursuant to the Eleventh Amendment and its presence would destroy diversity. Further, there is no reason to believe that the damages could reach $75,000, the diversity jurisdiction threshold, even if diversity was properly alleged, which it is not. Finally, we see no basis for a federal claim. Neither HSBC Bank nor the debt collector are state actors, a necessity for a civil rights claim, and we can discern no civil rights claim even if there were.

This matter is referred to the Executive Committee. Plaintiff has, apparently, filed numerous lawsuits over the years in federal court. Some restrictions upon her filings may be in order.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 4, 2005.